**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NEAL GIRALDI and ALLEN PILBEAM,

                          Plaintiffs,

    v.                                                  No. 04-CV-877
                                                                  (FJS/DRH)

BOARD OF PAROLE, State of New York,

                          Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

NEAL GIRALDI
No. 75-B-1049
Plaintiff Pro Se
Cayuga Correctional Facility
Post Office Box 1186
Moravia, New York 13118

ALLEN PILBEAM
No. 72-C-0022
Plaintiff Pro Se
Midstate Correctional Facility
Post Office Box 216
Marcy, New York 13403-0216

HON. ELIOT SPITZER                DOUGLAS J. GOGLIA, ESQ.
Attorney General for the            Assistant Attorney General
 State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiffs pro se Neal Giraldi ("Giraldi") and Allen Pilbeam ("Pilbeam"), both inmates in the custody of the New York State Department of Correctional Services ("DOCS"), bring this action pursuant to Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the New York State Board of Parole ("Parole Board"). Am. Compl. (Docket No. 6) at ¶¶ 47-49. Presently pending is the Parole Board's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 23. Plaintiffs opposed the motion. Docket No. 25. For the following reasons, it is recommended that the Parole Board's motion be denied.

## I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

In the 1970s, plaintiffs were separately convicted of various crimes, including murder, and were sentenced to prison terms of twenty-five years to life. Am. Compl. at ¶¶ 5, 21. Both plaintiffs became statutorily eligible for parole in February 1996 and January 1999. Id. at ¶¶ 6, 22. Both plaintiffs had histories of mental illness and drug abuse, but neither presently suffers from either disability. Id. at ¶¶ 7, 8, 11, 23, 24, 30. While in prison, both plaintiffs have completed supervised drug rehabilitation programs, maintained "acceptable" and "excellent" disciplinary records, and pursued advanced degrees. Id. at ¶¶ 12, 28. However, the Parole Board has repeatedly denied parole to both plaintiffs. When assessing both plaintiffs' parole eligibility, the Parole Board has "focused on [plaintiffs'] past history of drug abuse and mental illness." Id. at ¶¶ 19, 33. This action followed.

## II. Discussion

Plaintiffs assert three causes of action in their complaint, each alleging a violation of Title II of the ADA and § 504 of the Rehabilitation Act. Am. Compl. at ¶¶ 47-49. The Parole Board seeks dismissal of all claims.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief." Id. "'This caution against dismissal applies with even greater force where the complaint is pro se, or where

the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

### B. Eleventh Amendment

The Parole Board contends that claims for damages under Title II of the ADA and § 504 of the Rehabilitation Act are barred by the Eleventh Amendment.

### 1. ADA Claims

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the state's consent, a suit against the state or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100.

Congress, however, may abrogate a state's Eleventh Amendment immunity "through legislation pursuant to its power under Section 5 of the Fourteenth Amendment." Press v. S.U.N.Y. at Stony Brook, 388 F. Supp. 2d 127, 131 (E.D.N.Y. 2005). A state's immunity is validly abrogated under Section 5 of the Fourteenth Amendment when Congress "'both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional

4

authority.'" Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 108 (2d Cir. 2001) (citations omitted).  Here, Title II of the ADA clearly meets the first prong.  In enacting the ADA, Congress stated that "[a] State shall not be immune under the eleventh amendment...from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter."  42 U.S.C. § 12202.

With respect to the second prong, the Supreme Court recently held that "insofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."  United States v. Georgia, 126 S. Ct. 877, 882 (2006).  Here, liberally construing the complaint and taking into account the plaintiffs' pro se status, they have sufficiently alleged an equal protection violation under the Fourteenth Amendment.

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law.  Essential to that protection is the guarantee that similarly situated persons be treated equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "'To prove an equal protection violation, claimants must prove purposeful discrimination . . . directed at an identifiable or suspect class.'"  Doe v. Goord, No. 04 Civ. 0570 (AJP), 2004 WL 2829876 at *14 (S.D.N.Y. Dec. 10, 2004) (quoting Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995).  Although the mentally ill are not recognized as a suspect class and are therefore subject to the lesser rational basis review, they still "retain their substantive constitutional rights in addition to the right to be treated equally by the law."  City of Cleburne, 473 U.S. at 447; see Roberts v. New York State Dep't. of Corr. Servs., 63 F. Supp. 2d 272, 281 (W.D.N.Y. 1999) ("the disabled, although not a suspect class . . . are nonetheless a class of persons entitled to protection under the Equal Protection Clause.").

5

Here, plaintiffs allege that the Parole Board "has a policy or practice of excluding from participation in, or denying the benefits of, the [Parole Board's] parole release program . . . [to] that class of . . . prisoners who . . . are qualified people with disabilities." Am. Compl. at ¶ 49.  The complaint further alleges that the Parole Board "intentionally and deliberately discriminated against [plaintiffs]" and was "motivated by animus toward the disabled in general and [plaintiffs] in particular." Id. at ¶¶ 20, 42.  Thus, viewing this allegation in the light most favorable to plaintiffs and in light of their pro se status, they sufficiently allege a Fourteenth Amendment equal protection violation.  Since plaintiffs have alleged an actual violation of the Fourteenth Amendment, Title II of the ADA creates a private cause of action against the State for monetary damages and, therefore, validly abrogates the Parole Board's Eleventh Amendment state sovereign immunity. See Georgia, 126 S. Ct. at 882; see also Degrafinreid v. Ricks, No. 03 Civ. 6645(RWS), 2006 WL 489407, at *9 (S.D.N.Y. March 1, 2006) (holding that an alleged Eighth Amendment violation validly abrogates state sovereign immunity under Title II of the ADA).

Therefore, the Parole Board's motion on this ground should be denied.

### 2. Rehabilitation Act Claims

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .." 29 U.S.C. § 794(a).  As previously discussed, a suit against the state or one of its agencies or departments is generally proscribed by the Eleventh Amendment. See subsection II(B)(1) supra.  However,

Congress may require a state to waive its sovereign immunity as a condition of accepting funds from the federal purse.  See Garcia, 280 F.3d at 113.  Recently, courts in this circuit have held that "New York's continued acceptance of federal funds . . . constitutes a waiver of sovereign immunity as to . . . Rehabilitation Act claims." Degrafinreid, 2006 WL 489407 at *10; see also Goord, 2004 WL 2829876, at *16 ("[s]ince Garcia, state agencies in New York including DOCS have continued to accept federal funds and, therefore, waived immunity from suit under Section 504 of the Rehabilitation Act.").  Here, plaintiffs allege that the Parole Board is "a public entity receiving federal financial assistance." Am. Compl. at ¶¶ 47-49.

Therefore, the Parole Board's motion on this ground should be denied.

### C. ADA and Rehabilitation Act

Plaintiffs contend that the Parole Board violated Title II of the ADA and § 504 of the Rehabilitation Act by discriminating against them because of their histories of mental illness and drug abuse.  The Parole Board contends that plaintiffs are not qualified individuals within the scope of these provisions.

Title II of the ADA applies to state inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998); Beckford v. Portuondo, 151 F. Supp. 2d 204, 220 (N.D.N.Y. 2001) (Kahn, J.). To state a claim under the ADA, an inmate must demonstrate that "(1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) [the facility that] provides the service, program or activity is a public entity." Clarkson v. Coughlin, 898 F. Supp. 1019, 1037 (S.D.N.Y. 1995); 42 U.S.C. §

7

12132.  The requirements for stating a claim under the ADA are virtually identical to those under § 504 of the Rehabilitation Act.  Clarkson, 898 F. Supp. at 1037-38.

A person is an individual with a qualified disability if "(A) a physical or mental impairment . . . substantially limits one or more of the major life activities of such individual, (B) [there is] a record of such an impairment, or (C) [the individual is] being regarded as having such an impairment."  42 U.S.C. § 12102(2)(A)-(C); Toyota v. Williams, 534 U.S. 184, 193 (2002).  However, "[m]erely having an impairment does not make one disabled for the purposes of the ADA." Toyota, 534 U.S. at 195.  If a plaintiff fails to identify the specific activity limited by the impairment and fails to allege that it constitutes a major life activity, the ADA claim must be dismissed.  Reeves v. Johnson Controls World Servs., 140 F.3d 144, 146 (2d Cir. 1998); Pimentel v. City of New York, No. 00 Civ. 326 (SAS), 2001 WL 1579533, at *11 (S.D.N.Y. Dec. 11, 2001).

Here, plaintiffs allege that they have a record of drug abuse and mental illness, and are regarded as such by the Parole Board.  Am. Compl. at ¶¶ 10, 19, 23, 34.  Plaintiffs further allege that these disabilities "substantially impaired [their] judgment, ability to learn, . . . to comprehend the long-range effects of [their] acts, . . . and . . . to maintain stable social relationships and stable employment."  Id. at ¶¶ 9, 26.  Under the ADA, both drug abuse and mental illness are recognized as physical or mental impairments if they substantially limit one or more of the major life activities.  See 28 C.F.R. § 35.104(1)(i)(B)(ii) ("physical or mental impairment includes...drug addiction . . . [and]...mental illness"); Thompson v. Davis, 295 F.3d 890, 896 (9th Cir. 2002).

Thus, plaintiffs have alleged impairments within the scope of the ADA and the Rehabilitation Act if their allegations of impaired major life activities suffice.  Liberally

8

construed in the light most favorable to plaintiffs and in light of their pro se status, plaintiffs allege that their mental illnesses and drug abuse rendered them unable to care for themselves without confinement.  At this pleading stage, such allegations suffice to satisfy the requirements for clams under the ADA and the Rehabilitation Act.  See Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 168 (2d Cir. 2003) (holding that mental illness which rendered plaintiff substantially unable to care for herself constituted impairment of a major life activity).

Therefore, the Parole Board's motion on this ground should be denied.

### III.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that the Parole Board's motion to dismiss (Docket No. 23) be **DENIED** as to each cause of action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: March 27, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge