**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NEAL GIRALDI and ALLEN PILBEAM,**

                                    **Plaintiffs,**

        **v.**                                                    **9:04-CV-877**
                                                                  **(FJS/DRH)**

**BOARD OF PAROLE, State of New York,**

                                    **Defendant.**
_____

**APPEARANCES**                              **OF COUNSEL**

**NEAL GIRALDI**
**75-B-1049**
Otisville Correctional Facility
Post Office Box 8
Otisville, New York 10963
Plaintiff _pro se_

**ALLEN PILBEAM**
**72-C-0022**
Midstate Correctional Facility
Post Office Box 216
Marcy, New York 13403-0216
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                   **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendant

**SCULLIN, Senior Judge**

### ORDER

        In a Report-Recommendation and Order dated March 27, 2006, Magistrate Judge Homer

recommended that this Court deny Defendant's motion to dismiss.  _See_ Dkt. No. 27.  Defendant

has filed objections to that recommendation.  *See* Dkt. No. 28.

Specifically, Defendant argues that it only considered Plaintiffs' history of mental illness and drug abuse as a factor in a complete, individualized assessment of their suitability for release pursuant to N.Y. Exec. Law § 259-i(2)(c)(A).  *See id.* at 10.  Therefore, Defendant contends, it did not violate Title II of the Americans with Disabilities Act ("ADA") or § 504 of the Rehabilitation Act of 1973 ("RA").  Furthermore, Defendant contends that it is entitled to Eleventh Amendment immunity because Plaintiffs have not alleged an actual Fourteenth Amendment violation.

The Court has reviewed the file in its entirety and finds that Defendant's objections are without merit.  To establish a case under Title II of the ADA, a plaintiff must prove, among other things, that he has been excluded from participation in, denied the benefits of, or subjected to discrimination under a program *solely because of his disability*.  *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); 42 U.S.C. § 12132.  The elements of a claim under § 504 of the RA are substantially the same.  *See id.*; 29 U.S.C. § 794(a).  These statutes abrogate state sovereign immunity to the extent that they "create[] a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment . . . ."  *United States v. Garcia*, 546 U.S. 151, 159 (2006).  The Court finds that Plaintiffs have alleged sufficient facts against Defendant to meet these legal requirements.

Defendant submits evidence for the proposition that it considered Plaintiffs' history of mental illness as only one factor in their overall fitness for release; however, the Court will not consider evidence outside the pleadings on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213

(2d Cir. 2003) (citation omitted).  To survive a motion to dismiss for failure to state a claim, it is sufficient that Plaintiffs allege that Defendant demonstrated animus toward prisoners with mental illnesses by repeatedly referring to their mental health problems as the basis for its decision to deny them parole.  *See* Complaint at ¶¶ 14-16, 29-30.  Therefore, the Court hereby

ORDERS that Magistrate Judge Homer's March 27, 2006 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY for the reasons stated therein**; and the Court further

ORDERS that Defendant's motion to dismiss is **DENIED**; and the Court further

ORDERS that this matter is referred to Magistrate Judge Homer for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: March 31, 2008
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge